IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TONY WALKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 03-0533-CV-W-HFS |
| STEPHEN MARSH, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

The record in this case indicates a good deal of confusion and disorganization, particularly on the part of the pro se plaintiff, but there is enough before me to justify granting summary judgment for defendants on the claims as alleged. The cross-motion for summary judgment, apparently based on a purported refusal by defendants to settle, is without merit and will be denied. All other pending motions are denied.[1]

Defendants clearly view plaintiff as an unsuccessful new employee (with approximately a

---

[1] Defendants' motion for sanctions recites a list of defaults by plaintiff in performing his obligations in litigation. This would probably justify a dismissal without prejudice as sanctions, but the time limits on litigation would necessarily be fatal to reopening the controversy. Although it is difficult to piece together what is truly involved, a ruling on the merits seems appropriate, particularly in light of a fair reading of the claims that are formally presented.

year's standing) who allegedly threatened a supervisory employee when he realized his job performance was seriously questioned. Although presented to the EEOC as a Title VII discrimination case the complaint in 2003 is silent as to any theory of liability. Plaintiff has disclosed during litigation that he has AIDS, and seemingly now argues he was discharged because of that disability.[2] He claims, however, and I assume, that his physical condition did not disable him from his work as a cartographer. Plaintiff offers no reason, other than his own speculation, supporting this theory, and I find no record that the condition was even disclosed to defendants before suit was filed.

Another twist in the litigation, apparently unknown to defendants during most of plaintiff's employment, is that there is now some showing that plaintiff has an unfortunate mental condition, possibly depression, that I assume may have impacted on his work. But plaintiff has not sued on a theory that he had a legally disabling mental condition that required accommodation.[3] Plaintiff did seek medical leave without explanation when his employment was about to be terminated, but this case is not presented as a Leave Act violation.

Plaintiff repeatedly claims "harassment," but relies on various management techniques used to improve his performance. The form of harassment barred by civil rights legislation must focus on some protected status, which is not plausibly asserted here. Courts and juries have no authority

---

[2] See, Answer to Questions 18 and 25, Exh. 8 to Doc. 30.

[3] See, Answer to Question 16, Exh. 8 to Doc. 30.
I am aware that such claims are difficult to establish, given the problems of inadequate job performance, the statutory definition of a disability, and the limits on the obligation to reasonably accommodate. But disabling depression is not the claim presented to the EEOC or pled here, and defendants have no duty to prepare for such a case.

to critique management conduct as such.[4]

One may sympathize with a pro se plaintiff who has been unable to formulate a sound complaint and who may be suffering from mental problems affecting both his work and his ability to manage litigation. But on the case presented the defendants are entitled to prevail, for reasons stated here and in defendants' suggestions in support of their motion. (doc. 30).

Defendants' motion (doc. 29) is GRANTED. All other motions are denied. Judgment shall be entered in favor of defendants.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September 27, 2005

Kansas City, Missouri

---

[4] Another unfounded claim here is "retaliation," but plaintiff does not show, or even claim, that his difficulties can be traced to defendants' hostility arising from civil rights complaints lodged by him.